IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01692–CMA–KMT

OMAR KELLY,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

## ORDER

    This matter is before the court on "Defendant Walmart Stores, Inc.'s Motion to Extend Deadline to Amend Pleadings and to Amend Answer." (Doc. No. 16, filed January 20, 2015.) Defendant seeks to amend its Answer to add an after-acquired evidence defense to Plaintiff's Title VII claims. Despite representing to Defendant's counsel that he opposed Defendant's Motion to Amend, Plaintiff's counsel did not file a response. For the following reasons, Defendant's Motion to Amend is GRANTED.

    Because Defendant filed its motion after the December 29, 2014 deadline for amending the pleadings (*see* Sched. Order, Doc. No. 15, filed Oct. 27, 2014), the court employs a two-step analysis, first determining whether Defendant has shown good cause to modify the scheduling

order under Federal Rule of Civil Procedure 16(b), and the evaluating whether Defendant has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a).[1]

This court has stated:

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations and internal quotation marks omitted).

Once Defendant has shown good cause for modifying the scheduling order, it must also satisfy the requirements of Rule 15(a) for amending the pleadings. Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed.R.Civ.P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal

---

[1] The court employs this two-step analysis, notwithstanding the fact that the Tenth Circuit "has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements." *Strope v. Collins,* 315 F. App'x 57, 62 n.4 (10th Cir. 2009) (internal quotation omitted); *cf. Bylin v. Billings*, 568 F.3d 1224, 1231 n.9 (10th Cir. 2009) (acknowledging that "[m]ost circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' standard are implicated.") (collecting cases); *Minter v. Prim Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (citing *SIL–FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518–19 (10th Cir. 1990)) (explaining that the Tenth Circuit "adopted a similar interpretation of Rule 16(b)'s 'good cause' requirement in the context of counterclaims asserted after the scheduling order deadline, but has not yet done so in the context of an amendment to the complaint").

Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson*, 355 U.S. 41, 48 (1957).

The court first finds that Defendant has shown good cause to modify the Scheduling Order. Defendant asserts that it first learned the basis for its after-acquired evidence defense upon deposing Plaintiff on January 7, 2015. More specifically, at his deposition, Plaintiff testified that he deliberately omitted several of his most recent employers from his employment application in order to increase the likelihood that he would be hired. Plaintiff also testified he was criminally prosecuted for providing false information on an application for a Colorado gaming license. Defendant asserts that these facts support an after-acquired evidence defense because it discharges associates for making misrepresentations or omissions on their employment applications. Because Plaintiff was not deposed until several weeks after the deadline for amending the pleadings, and because Plaintiff does not dispute that Defendant first learned of these facts at his deposition, the court finds that, even with diligent efforts, Defendant could not have met the deadline for amending the pleadings.

The court also finds that Rule 15(a) is met under the circumstances. Plaintiff has not filed a response to Defendant's Motion. Thus, there is now showing of, nor does the court

otherwise find, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of amendment.

Therefore, it is

ORDERED that "Defendant Walmart Stores, Inc.'s Motion to Extend Deadline to Amend Pleadings and to Amend Answer" (Doc. No. 16) is GRANTED.  The Clerk of Court is directed to file Defendant's Amended Answer.  (Doc. No. 16-2.)

Dated this 6th day of March, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge